UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SERGIO TORREZ,

           Plaintiff,                  Case No. 1:06-cv-903

v.                                                Honorable Janet T. Neff

KENNETH McKEE et al.

           Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the Eastern District of Michigan on December 14, 2006, and the case was transferred to the Western District of Michigan on December 20, 2006. On January 12, 2007, this Court ordered service of Plaintiff's complaint on Defendants Kenneth McKee, Tony Costello, J. DeRose, Ann Smolinski and Lisa English. Plaintiff alleges that Defendants McKee, Costello, DeRose, Smolinski and English violated his equal protection rights by classifying him to a school assignment even though he obtained a Puerto Rican diploma. Plaintiff also alleges that Defendant English retaliated against him in violation of his First Amendment rights by placing him on unemployable status after he filed a grievance.

Plaintiff filed supplemental exhibits to his complaint (docket #9) on February 6, 2007. On May 7, 2007, Defendants McKee, Costello, DeRose, Smolinski and English filed a motion and brief to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) (dockets #25, 26). On May 17, 2007, Plaintiff filed

a response to Defendants' motion to dismiss (docket #29) and a motion to stay proceedings (docket #30).  Plaintiff filed a motion and brief to supplement (dockets #33, 34) his May 17 response on June 14, 2007.  On June 19, 2007, Defendants McKee, Costello, DeRose, Smolinski and English filed a reply to Plaintiff's June 14 response and his motion to stay proceedings (docket #35).  On September 26, 2007, Plaintiff filed a motion and brief (dockets #37, 38) to supplement his original complaint and May 17 response.

This matter is now before the Court on the following pleadings:  Plaintiff's February 6, 2007 supplement (docket #9), Plaintiff's May 17, 2007 motion to stay proceedings (docket #30), Plaintiff's June 14, 2007 motion and brief to supplement (dockets #33, 34) his May 17 response, Plaintiff's September 26, 2007 motion and brief to supplement (dockets #37, 38) his original complaint and May 17 response, and Defendants' motion to dismiss (docket #29).

A.  **February 6, 2007 Supplement**

Plaintiff filed supplemental exhibits to his complaint (docket #9) on February 6, 2007. Federal Rule of Civil Procedure 15(d) permits a supplemental pleading setting "forth transactions or occurrences or events, which have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15(d).  The exhibits, however, do not concern events or transactions that have occurred since Plaintiff's original complaint.  Therefore, this Court construes Plaintiff's filing as a motion to amend his complaint under Federal Rule of Civil Procedure 15(a). Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading once as a matter of course before a responsive pleading has been filed; once a responsive pleading has been filed however, an amendment may only be made upon leave of court. *See* FED. R. CIV. P. 15(a).  Here, Defendants McKee, Costello, DeRose, Smolinski and English failed to file a responsive pleading before

Plaintiff's motion to amend. Leave of court, therefore, is not necessary in order to allow Plaintiff to submit supplemental exhibits to his complaint. Accordingly, this Court will grant Plaintiff's first motion to amend his complaint.

Nevertheless, Plaintiff is apparently unaware that his amended complaint superceded his initial complaint, and rendered the initial complaint a nullity. *See Parks v. Fed. Express Corp.,* 1 F. App'x 273, 277 (6th Cir. 2001); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306-07 (6th Cir. 2000). Plaintiff's first amended complaint, therefore, only includes exhibits and does not contain any of Plaintiff's facts or arguments. Plaintiff's first amended complaint fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. Among other things, Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). As a result, the Court will grant Plaintiff's first amended complaint (docket #9) subject to the restrictions listed in Section E below.

B. **Plaintiff's Motion to Stay**

On May 17, 2007, Plaintiff filed a motion to stay (docket #30) his case. If the Court determines that Plaintiff failed to exhaust his available administrative remedies, then Plaintiff requests an order to stay his case so he may exhaust his administrative remedies. It is not efficient for this Court to stay Plaintiff's case in order for him to exhaust his administrative remedies. If Plaintiff has not exhausted his administrative remedies in this case, then he may file a motion to dismiss this action without prejudice and file a new civil rights action after he has completed the

grievance process. For reasons of judicial economy, Plaintiff's motion to stay (docket #30) will be denied.

### C. June 14, 2007 Motion to Supplement

On June 14, 2007, Plaintiff filed a motion and brief to supplement (dockets #33, 34) his May 17, 2007 response to Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 15(d). In appropriate circumstances, a party may, with permission of the court, "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff sought to supplement his May 17, 2007 response but did not allege any new "transactions or occurrences or events," which have occurred since May 17, 2007.

Instead, Plaintiff's motion includes new Defendants, (unknown) Peterson and (unknown) Angel, and the following new claims: (i) Defendant Peterson engaged in frequent shake-downs of Plaintiff's cell because Plaintiff filed grievances; (ii) Defendants Costello, Smolinski and English threatened Plaintiff if he continued with his lawsuit and filed additional grievances; (iii) Defendant Angel allegedly issued a major misconduct report on February 15, 2006 for "Gambling Paraphernalia" against Plaintiff for filing grievances; and (iv) "Defendants" supposedly issued a false major misconduct report for "Threatening Behavior" on March 27, 2006 because Plaintiff exercised his First Amendment rights. (Pl.'s Br. in Supp. of Supplemental Reply at 5-6, docket #34). Plaintiff also argues that (i) the Court improperly dismissed his previous case, *Torrez v. McKee et al.*, No. 1:05-cv-785 (W.D. Mich. Dec. 22, 2005), for lack of exhaustion[1]; (ii) he filed and properly exhausted Grievance No. ECF-06-02-439-28a in response to this Court's opinion in *Torrez,*

---

[1] If Plaintiff wishes to appeal the Court's opinion in *Torrez*, No. 1:05-cv-785, he may file a motion for reconsideration in accordance with the Federal Rules of Civil Procedure.

- 4 -

No.1:05-cv-785; and (iii) he exhausted his claims in accordance with the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007), because he is not required to name any Defendants in the grievances.  (*See* Pl.'s Br. in Supp. of Supplemental Reply at 2-3, docket #34).  Plaintiff's claims are based on the same events underlying his original pleading.  A Rule 15(a) motion for leave to amend the complaint, not a Rule 15(d) motion to supplement the pleading, is the appropriate mechanism through which a party may assert additional claims for relief.  Therefore, the Court construes Plaintiff's motion and brief to supplement as his second motion to amend his original complaint.

Leave of court or written consent by the adverse party is necessary for Plaintiff to amend his complaint a second time.  FED. R. CIV. P. 15(a).  This Court finds that Defendants consented to Plaintiff's second motion to amend because Defendants filed a reply to Plaintiff's motion (docket #35), in which they argued that the new claims were unexhausted.  Therefore, this Court will grant Plaintiff's second motion to amend his complaint.  However, Plaintiff's second motion to amend still fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.  *See Bell Atlantic Corp.,* 127 S. Ct. at 1964 (quotation omitted) (Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").  Plaintiff does not incorporate all of the claims, facts and exhibits from his original complaint in his motion; therefore, the Court cannot determine which Defendants and claims Plaintiff intends to incorporate into his second amended complaint.  As a result, the Court will grant Plaintiff's second amended complaint subject to the restrictions listed in Section E below.

D.     **September 26, 2007 Motion to Supplement**

On September 26, 2007, Plaintiff filed a motion and brief to supplement (dockets #37, 38) his December 14, 2006 complaint (docket #1) and May 17, 2007 response (docket #29) pursuant to Federal Rules of Civil Procedure 15(c) and (d). As stated above, a party may, with permission of the court, "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15(d). In his motion, Plaintiff seeks to supplement his original complaint with a new Eighth Amendment claim and new evidence for his First Amendment retaliation claim. Once again, a Rule 15(a) motion for leave to amend the complaint, not a Rule 15(d) motion to supplement the pleading, is the appropriate mechanism through which a party may assert additional claims for relief. Therefore, the Court construes Plaintiff's motion and brief to supplement as his third motion to amend his complaint.

Rule 15(a) provides that a party may amend its pleading a third time only upon leave of court. *See* FED. R. CIV. P. 15(a). Federal Rule of Civil Procedure 15(a) states that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). While it is true leave to amend "shall be freely given when justice so requires," denial of such a request may be warranted where there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). In assessing futility, the Court "may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Warren v. Mfrs. Nat'l Bank of Detroit*, 759 F.2d 542, 546 (6th Cir.

1985) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Plaintiff's motion fails to include any argument supporting leave of court under Rule 15(a). In his motion, however, Plaintiff attempts to add a new Eighth Amendment claim. Plaintiff states that "the predicate of [his] complaint rests on his First, Eighth and Fourteenth Amendment rights violations. Rights which were wilfully violated by the Defendants." (Br. in Supp. of Pl.'s Supplemental Evidence at 1, docket #38.) If this Court allowed Plaintiff to amend his complaint with an Eighth Amendment claim, it would be futile.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Plaintiff fails to allege any facts to support an Eighth Amendment claim regarding Defendants' failure to recognize his Puerto Rican certificate. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). As

Plaintiff's Eighth Amendment claim is futile, the Court will deny Plaintiff's motion to amend in part as it relates to an Eighth Amendment claim.

Besides his Eighth Amendment claim, Plaintiff attempts to better describe and add new evidence to his First Amendment retaliation claim in his motion. The Court finds that Plaintiff's First Amendment retaliation claim is not futile; therefore, will grant Plaintiff's motion to amend in part as to his First Amendment retaliation claim. Plaintiff's third motion to amend, however, also fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Plaintiff does not incorporate all of the claims, facts and exhibits from his original complaint in his motion; therefore, the Court cannot determine which claims and Defendants Plaintiff intends to incorporate into his third amended complaint. Accordingly, the Court will grant Plaintiff's third amended complaint as it relates to his retaliation claim subject to the restrictions listed in Section E below.

E.   **Fourth Amended Complaint**

As Plaintiff failed to file his motions to amend in accordance with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff will be ordered to file a fourth amended complaint setting forth all the claims that he is alleging against Defendants in a single pleading, making clear which claims are asserted against each Defendant. The fourth amended complaint must satisfy all the requirements of Rule 8 of the Federal Rules of Civil Procedure, including providing fair notice to each Defendant of any claims Plaintiff is asserting against that Defendant and the grounds on which the claim rests. Plaintiff's claims and Defendants are limited to those Defendants and claims, which Plaintiff asserted in his original complaint and the amendments allowed in this Opinion. No further amendments will be permitted. Defendants remain free to respond to Plaintiff's fourth amended

complaint in any manner authorized by the Federal Rules of Civil Procedure, including renewal of their motion to dismiss.

Defendants' motions (dockets #25, 26, 35) are not directed against Plaintiff's fourth amended complaint and, therefore, will be denied without prejudice. The Court is not insensitive to the additional costs attendant to a new round of motions and briefs directed to Plaintiff's fourth amended complaint. These expenses, however, are an unavoidable product of the current interplay between the Prison Litigation Reform Act (PLRA), recent Supreme Court authority interpreting the PLRA's exhaustion requirement, and the Federal Rules of Civil Procedure. An Order consistent with this Opinion will be entered.

       /s/ Timothy P. Greeley  
       TIMOTHY P. GREELEY  
       UNITED STATES MAGISTRATE JUDGE

Dated:   November 9, 2007